UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIAN CLARK HERRMANN, | Case No. C24-1054RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| LEEANDRA CRAFT, Prosecutor; KING COUNTY, | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss under Rule 12(b)(6). Dkt. #12. Plaintiff Adrian Herrmann has filed suit against King County and one of its senior deputy prosecuting attorneys, Leandra Craft, asserting violations of First and Fourth Amendment rights under 42 U.S.C. §1983. Defendants move to dismiss for insufficient factual and legal bases for these claims. Plaintiff Herrmann has failed to respond to this Motion. *See* Docket. No party has requested oral argument. For the reasons stated below, the Court GRANTS this Motion and dismisses Plaintiff's claims with prejudice.

## II.    BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts stated in the Complaint, Dkt. #4, as true. All facts below come from this pleading unless otherwise stated.

Plaintiff has filed a form Complaint with minimal details. It alleges that "[t]he defendant is a king county prosecutor who used law enforcement to help get a restraining order against the person who just asked her for the prosecution of her father for sex crimes committed

against her cousin; who was the plaintiffs [sic] fiance at the time." Dkt. #4 at 4.  Under a section for "facts underlying your claim(s)" Plaintiff has included only a link to a website.  The section where Plaintiff is to detail any injuries is blank.  Requested relief is "$10,000,000." *Id*. at 5.  No further details are included in the Complaint.

Plaintiff has instead attached a fourteen-page unsigned letter.  Dkt #4-1.  It details accusations that a family member engaged in sex crimes which Plaintiff reported to Defendants. This letter, while it includes tragic events that no doubt affected Plaintiff deeply, is not structured as a legal pleading and lacks facts to support the First and Fourth Amendment claims against Defendants.  It is not written in a clear fashion.  *See, e.g., id.* at 11 ("Instead, you helped your cousin get a restraining order against the very person that just gifted you a place for 4 days on Maui, and less than 2 months later, I warn you about your father and you guys need a restraining order???? Explain it to the jury???? Explain the thought process behind this?!?!?!").

The letter does state that a restraining order was entered against Plaintiff, allegedly at the behest of Defendant Craft.  *See id*. at 3.

### III.    DISCUSSION

#### A.  Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. at 678.  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

Defendants first argue that "Plaintiff's assertions in his Complaint and accompanying exhibits that Ms. Craft's failure to report the abuse of his former fiancée somehow led to him to be served with a protection order are without basis" because there is no law requiring Ms. Craft to report sexual abuse suffered by a person who is an adult at the time of disclosure. Dkt. #12 at 5–6 (citing RCW 26.44.020). Plaintiff has no response to this argument.

Defendants next contend that there are insufficient facts alleged to support a claim that Defendants caused Plaintiff to be served with a restraining order. *Id* at 6–7.

Finally, Defendants maintain that "Plaintiff makes no statements in his Complaint or its attachments that describe any actions or policies that can be attributed to King County or any basis for which King County could be held legally responsible for any wrong he believes has been done to him." *Id*. at 7.

A party's failure to file opposition to a motion to dismiss may be deemed by the Court as an admission that the motion has merit. *See* LCR 7(b)(2).

The Court has reviewed the pleading and agrees that Plaintiff fails to set forth sufficient facts or law to support a claim under § 1983 for violation of the First or Fourth Amendment.

Defendants have adequately demonstrated that a claim cannot be brought against Ms. Craft for failing to report sexual abuse under these facts, and, in any event, Plaintiff has completely failed to connect the factual allegations to the legal claims in pleading or briefing. Defendants are correct that the factual assertions utterly fail the *Twombly/Iqbal* test above. Even if the Court were to consider the facts in the attached letter, it does not contain factual content that allows the court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. For example, Plaintiff fails to allege facts or law to show that the restraining order was legally invalid. The Court cannot piece together Plaintiff's story and create legal arguments. There is no indication that this restraining order could trigger § 1983 liability for Defendants.

Plaintiff has not responded to the valid argument of Defendants that there are no pleaded facts that describe any actions or policies that can be attributed to King County.

The Court finds that the above deficiencies are legal in nature and cannot possibly be cured by additional facts consistent with the existing pleading. The Court will dismiss Plaintiff's claims without leave to amend. The Court urges Plaintiff to reconsider the events that occurred and the proper way to address them in or outside the court system.

## IV.    CONCLUSION

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss under Rule 12(b)(6), Dkt. #12, is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

DATED this 3rd day of December, 2024.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 4